**2014 UT App 232**

## THE UTAH COURT OF APPEALS

WERNER UHLIG,
Petitioner,
*v.*
PUBLIC SERVICE COMMISSION,
Respondent.

HI-COUNTRY ESTATES HOMEOWNERS ASSOCIATION,
Intervenor.

Per Curiam Decision
No. 20140635-CA
Filed October 2, 2014

Original Proceeding in this Court

Werner Uhlig, Petitioner Pro Se

Melanie A. Reif, Attorney for Respondent Public
Service Commission

J. Craig Smith and Adam S. Long, Attorneys for
Intervenor Hi-Country Estates Homeowners
Association

Before JUDGES GREGORY K. ORME, MICHELE M. CHRISTIANSEN,
and SENIOR JUDGE RUSSELL W. BENCH.[1]

PER CURIAM:

¶1     Petitioner Werner Uhlig seeks judicial review of a decision
of the Public Service Commission (the Commission) determining
that he lacked standing to challenge a May 2014 Report and Order

---

1. The Honorable Russell W. Bench, Senior Judge, sat by special
assignment as authorized by law. *See generally* Utah R. Jud. Admin.
11-201(6).

approving proposed water service schedules and rates on an application by Hi-Country Estates Homeowners Association (Hi-Country Estates). This case is before the court on the Commission's motion for summary disposition and on Hi-Country Estates's motion to intervene. We grant Hi-Country Estates's motion to intervene in the case before this court, affirm the Commission's decision on standing, and dismiss the petition for review based upon Uhlig's lack of standing to seek judicial review.

¶2      In July 2013, Hi-Country Estates filed its application with the Commission. After appropriate notice, the Commission issued a scheduling order on September 24, 2013, setting a deadline of December 27, 2013, for individuals to request to intervene as parties. Uhlig did not request intervention, and the deadline for doing so passed. The Commission held evidentiary hearings at which the parties—including two intervenors—participated. The Commission held an additional hearing to take statements from members of the public. Uhlig provided testimony at that hearing, objecting to the proposed standby fee rate increase from his position as a resident of Hi-Country Estates and as a private well owner who is not connected to its water system. On May 5, 2014, the Commission issued its Report and Order approving the proposed rates. The order advised the parties of their rights to seek agency review or rehearing and to petition for judicial review.

¶3      Although he had not intervened as a party, Uhlig filed a request for agency review or rehearing. In the Report and Order Denying Mr. Uhlig's Request for Review or Rehearing dated June 19, 2014, the Commission ruled that Uhlig lacked standing because a request for review or rehearing of a Commission action can be filed only by a party to the agency proceeding. Because Uhlig neither requested nor was granted intervention, the Commission ruled that he lacked standing to challenge the Commission's May 2014 Report and Order, and dismissed his request for agency review. Uhlig filed a petition for judicial review of the order dismissing his request for review in the agency. The Commission

now moves for summary disposition. Intervenor Hi-Country Estates joins that motion.

¶4     The Utah Supreme Court considered a similar case in *Ball v. Public Service Commission*, 2007 UT 79, 175 P.3d 545. The petitioners in *Ball* moved to intervene in the case before the Commission. The supreme court dismissed the petition for judicial review based on lack of standing after affirming the Commission's order denying intervention. *Id.* ¶ 27. The supreme court stated that standing before the supreme court was dependent on the outcome of its review of the Commission's order denying the request to intervene. *Id.* ¶ 29. After determining that the Commission properly denied the request to intervene, the supreme court held that the petitioners also lacked standing. *Id.* ¶¶ 29-30, 62. Accordingly, we first consider whether the Commission properly determined that Uhlig lacked standing to seek agency review in the formal adjudicative proceedings.

¶5     In ruling that Uhlig was not a party to the proceedings before it, the Commission noted that under provisions of the Administrative Procedures Act (UAPA), if permitted by statute or an agency's rules, "parties to any adjudicative proceeding [may] seek review of an order by the agency or by a superior agency." Utah Code Ann. § 63G-4-301(1)(a) (LexisNexis 2011). "'Party' means the agency or other person commencing an adjudicative proceeding, all respondents, all persons permitted by the presiding officer to intervene in the proceeding, and all persons authorized by statute or agency rule to participate as parties in an adjudicative proceeding." *Id.* § 63G-4-103(1)(f). It is undisputed that Uhlig did not seek to intervene in the proceedings before the Commission, and the time to do so under the scheduling order expired. Uhlig claims that the Commission did not provide adequate information explaining how to move to intervene. This claim lacks merit. Because Uhlig neither sought nor obtained permission to intervene as a party in the agency proceedings, the Commission properly ruled that Uhlig lacked standing to seek review or rehearing in the agency.

¶6 Generally, an individual lacks standing to seek judicial review when the party was not a party in the agency proceeding. *See Ball*, 2007 UT 79, ¶ 44. After affirming the Commission's decision denying a motion to intervene, the Utah Supreme Court in *Ball* then considered whether any of the petitioners had standing granted by statute. Utah Code section 54-7-15 grants standing to seek judicial review of Commission decisions regarding public utilities to "any party, stockholder, bondholder, or other person pecuniarily interested in the public utility who is dissatisfied with an order of the commission." *Id.* ¶ 46 (citation and internal quotation marks omitted). UAPA requires an individual seeking judicial review of an agency decision to exhaust all administrative remedies including applying for a rehearing. *Id.* ¶ 47. UAPA also requires that an individual seeking judicial review must have been "substantially prejudiced" by the agency decision. *Id.* ¶ 48. The supreme court stated, "In sum, an individual may have appellate standing to seek judicial review of an agency decision if he or she has exhausted all administrative remedies and qualifies as an 'aggrieved' or 'substantially prejudiced' 'party, stockholder, bondholder, or other person pecuniarily interested in the public utility.'" *Id.* ¶ 49. In *Ball*, the supreme court considered whether the petitioners who qualified as "ratepayers" had appellate standing because they were "pecuniarily interested in the public utility." *Id.* ¶ 51. The supreme court concluded that although ratepayers are aggrieved by the increase in their bills, "they lack appellate standing because they have no pecuniary interest in the public utility and therefore do not fall within the classes of person to whom standing is granted." *Id.* ¶ 57. It follows that Uhlig is not within the class of persons authorized by statute to have standing to seek judicial review.

¶7 Based upon the foregoing, we affirm the Commission's decision that Uhlig lacked standing to participate in the agency proceedings, and we dismiss the petition for review based upon his lack of standing in this proceeding for judicial review.

———